**FILED**

2024 Jan-10  PM 01:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| **KAYLA MOMAN** ) | **Jury Trial Demanded** |
| ) | |
| ) | **CASE NO:** |
| ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| ) | |
| ) | |
| **DANIEL RAY KELSO;** ) | |
| **MARK MOON, SHERIFF OF** ) | |
| **BLOUNT COUNTY** ) | |
| ) | |
| ) | |
| ) | |
| **DEFENDANTS** ) | |

## COMPLAINT

COMES NOW, Plaintiff, KAYLA MOMAN, who alleges the following facts,

asserts the following causes of action, and seeks to recover the following damages

against  Defendant Daniel Ray Kelso and Mark Moon, Sheriff of Blount County

### **Parties, Jurisdiction and Venue**

1

1. Plaintiff, a non-violent offender, was groomed and as a result was the victim of numerous sexual assaults by a jailer  while housed in the Blount County Jail. This occurred because the jailer was negligently hired, trained and lacked supervision. The Plaintiff's constitutional rights were further violated by the her being placed in solitary confinement and denied basic medical care. The plaintiff was also improperly housed with dangerous inmates due to unconstitutional policies at the jail which lead to her being violently attacked.

2. Plaintiff Kayla Moman is above the age of 19 years old and resides in Jefferson County, Alabama. At the time of the incident she was housed in the Blount County Jail.

3. The Defendant,  Daniel Ray Kelsoe ("Kelsoe") is a former employee of the. Blount County Sheriff's Department.  All of Kelsoe's actions set forth in  this complaint were done within the course and scope of his employment with the Sheriffs Department and under color of Alabama State law. Defendant is being sued in his individual and official capacity. He is a state actor under 42 U.S.C. 1983. Kelsoe  can be served at 2141 Bud Mountain Road  Blountsville, Alabama 35031.

4. The Defendant, Sheriff Mark Moon,  is a resident and citizen of Blount County, all Defendant's actions set forth in this complaint were done within the course and scope of his employment with the City, and under color of Alabama State Law.  The Sheriff has control of the maintenance, hiring, retention, training and

2

is personally involved in the policy implementations at the Blount County Jail. Defendant is being sued in official capacity and is a state actor under 42 U.S.C. 1983. Sheriff Moon can be served at 225 Industrial Park Rd, Oneonta, AL 35121

5. This court has subject matter jurisdiction over Count 1 pursuant to 28 U.S.C. 1331 because it alleges violations of the United States Constitution and 42 U.S.C. 1983. This Court has supplemental federal jurisdiction pursuant to 28 U.S.C. 1367(a) over Count 2, which asserts any applicable pendent state law claims.

6. Venue is proper in this division and district under 28 U.S.C. 1391 (b) (2) because a substantial part of the events or omissions giving rise to the claim occurred in this division and district. Venue is also proper in this division and district pursuant to 28 U.S.C. 1391 (b)(1) and (c)(2) because all Defendants work and reside in this division and district under the meaning of this statute.

7. This is a deliberate indifference, cruel and unusual punishment, excessive force and failure to act case filed on behalf of Kayla Moman.

8. Over the course of several years, the Sheriff and his predecessors repeatedly failed and refused to address widely known systemic deficiencies in the county jail. There is a well documented history of custodial sexual misconduct, inmate violence and deliberate indifference to constitutional rights in the Blount County jail.

9.  On March 14, 2023 former officer Kelsoe was fired after confessing to being sexually involved with two inmates at the Blount County Correctional Facility.

10. Kayla Moman, is one of the inmates, named in the allegations made against Officer Kelsoe.  The sexual misconduct was alleged to have occurred over a several month period from the fall of 2022 to march of 2023. During the same time Kelsoe was involved in sexual activity with at least one other inmate and another jailer/staffer of the Blount County jail.

11.  Moman alleges that Kelsoe used his position of power as a jailer to make sexual advances for several weeks before she succumbed to his advances.  In order to win her favor, Kelsoe extended extra privileges and accommodations to the Plaintiff.  The Plaintiff in essence was a victim of Stockholm syndrome where she believed she was in a loving relationship.

12.  The sexual activity between the Plaintiff and Kelsoe went on for some time and there were a number of signs that should have been obvious to the Sheriff or supervising employees.  Kelsoe had unfettered access to the Plaintiff. For example,  the Plaintiff and Defendant Kelsoe corresponded via handwritten letters. Also the Plaintiff had Kelsoes nickname tattoo on her leg which was visible. As a result of the tattoo, the Plaintiff was sent back to a disciplinary cell.

13. A Blount County grand jury,  May of 2023 issued a two-count indictment against Kelsoe for custodial sexual misconduct, which is defined under section 14-11-31 of the Alabama Code.

4

14. Section 14-11-31 (a)  of the Alabama Code states "  It shall be unlawful for any employee to engage in sexual conduct with a person who is in the custody of the Department of Corrections, the Department of Youth Services, a sheriff, a county, or a municipality."

15. Section 14-11-31 (e) of the Alabama Code states "For purposes of this article, the consent of the person in custody of the Department of Corrections, the Department of Youth Services, a sheriff, a county, or a municipality, or a person who is on probation or on parole, **shall not be a defense** to a prosecution under this article."

16. Correctional officer and inmate sexual activity can never be consensual by definition. It is simply never lawful for an employee to engage in sexual conduct with someone in custody.

17. Sexual abuse "has no legitimate penological purpose and is simply not part of the penalty that criminal offenders pay for their offenses against society." Graham v Sheriff of Logan City, 741 F.3d 1118, 1122-23 (10th Cir . 2013) (citation and quotation marks omitted).

18. Furthermore, Moman alleges for a period of around seven days that she was unlawfully imprisoned, placed into solitary confinement, and placed on suicide watch.  Moman believed that she was held in solitary so that she would not discuss this matter with anyone while an investigation was ongoing.  While, it seems sensible to separate someone during an ongoing investigation, to protect

5

her and the integrity of an investigation, this separation did not follow protocol and is punitive. The Plaintiff lost access to services and was separated from her natural support system by cutting off all contact with anyone in the jail and the outside world.

19. Moman also alleges that she was unfairly punished for being a victim in this matter which included the Sheriff and jail denying her basic services and proper medical attention. Moman alleges that she caught COVID while in solitary confinement. She states that these conditions were unsanitary without any cleaning of the solitary cell.

20. Moman also states that she was diagnosed Hepatitis A and B which she believes was likely a result of the sexual contact.

21. After other inmates learned about the sexual activity, Moman was beat up by another inmate. This inmate had reason to believe that Moman was a snitch. This inmate was not disciplined although Moman was put in disciplinary until she was bonded out.

22. Moman believes that this activity rises to the level of deliberate indifference and due process violations guaranteed by the United States Constitution and State of Alabama law.

23. The Blount County Sheriff and his employees knew or should have known of Kelsoe's sexual conduct and contact with inmates much earlier than when he was fired and had a duty to keep other inmates safe. They were extremely

6

negligent in their supervision of Chelsea and the Plaintiff. The Sheriff and his supervisors also had or should have had knowledge of previous sexual activity between guards and inmates.

24.  Kelsoe is also alleged to have had sexual relations with a female guard during a shift which is also a violation of jail policy.

25. Furthermore, there have been a number of prior excessive force incidents at the Blount County jail including one involving former Deputy Joseph Snow in 2022. In this incident, Snow assaulted an inmate during the booking process.

26.  Sheriff Moon and his employees have also been sued for failing to protect inmates from violent inmates and helping to facilitate those attacks. [1]

27. Moon failed to promulgate, implement, and enforce adequate policies, procedures, and practices necessary to adequately supervise and monitor the housing units to maintain the safety of inmates therein. This allowed Moman to be the victim of sexual misconduct by Kelsoe and the victim of attacks by other inmates.

28. The jail was both dangerously overcrowded and dangerously understaffed at the time plaintiff was attacked, putting inmates such as plaintiff at substantial risk of harm.

29. Moon  also fueled a culture of violence in the jail by failing to discipline or prosecute inmates for violent acts.

---

[1] see Nickens v Moon, et.al 2:21-cv-00449-NAD

30. Defendants failed to adequately and effectively separate violent inmates even though they knew that the failure to do so had contributed to violence in the past.

31. These serious failures encouraged assault perpetrators, leading them to understand that they could assault other inmates with impunity and creating a substantial risk of harm to inmates such as plaintiff

32. Moman has sustained physical and mental injuries as a result of these incidences and requests that she be compensated accordingly and that all and any other relief be provided.

33. Kelsoe, since his arrest,  has repeatedly tried to contact the Plaintiff through social media, which is in violation of his bond.

34. After Kelsoe's arrest was announced Sheriff Moon gave the following statements. [ "This is something that we're not happy to report today," Moon said. "This is one of those things we needed to get out there and get in front of and let people know we take these crimes seriously.""This kind of thing will not be tolerated," Moon said.] [2]

35. Despite Sheriff Moon's statements, this "kind of thing" was tolerated as it happened yet again.

---

[2] https://www.al.com/news/birmingham/2023/03/blount-county-corrections-officer-arrested-for-sexual-involvement-with-2-female-jail-inmates.html

36. In January of 2023, A second Blount County Sheriff's jailer, Garrett Law, was recently charged with custodial sexual misconduct. Sheriff Moon stated that Law violated the sheriff's office policy by going into female lockdown area after lights out.

37. This second incident of sexual misconduct in the jail proves that the Sheriff has had systemic failures in the control of the jail and lack of controls in place. Furthermore, nothing has been done to rectify the situation despite

38. The arrest and prosecution of Kelsoe has had no affect on the inmates being kept safe from sexual misconduct/assault.

39. Sexual misconduct cases have long been a part of the Blount County Sheriff's Department culture. In fact there are allegations in another Federal lawsuit that a Sheriff's deputy was sexually assaulted after being forced to drink alcohol by another Deputy and a former Sheriff. [3] That Sheriff stepped down as part of a plea agreement as related to the those charges.[4]

## COUNT ONE: EXCESSIVE FORCE UNDER 42 U.S.C. 1983 AGAINST KELSOE AND SHERIFF MOON

---

[3] Lind v Morton 2:06-cv-00919-SLB

[4] https://www.al.com/spotnews/2008/12/blount_county_sheriff_danny_mo.html

40. Each paragraph is incorporated as if integrates as if fully related herein.

41. This cause of action is brought against Kelsoe and the Sheriff pursuant to 42 U.S.C. 1983, the Fourth Amendment as applied to the states via the due process clause of the Fourteenth Amendment, 42 U.S.C 1988.

42. Kelsoe while acting under color of law, deprived Moman of her Fourth Amendment right to be free from excessive or unreasonable force while in custody .

43. As described above, Kelsoe subjected Moman to excessive and unreasonable force when he had sexual intercourse with her. Sexual intercourse between a jailer and inmate can never be consensual and therefore rises to the level of excessive force.

44. Kelsoe's use of excessive force was caused, in part by the unconstitutional and deliberately indifferent customs and practice of the Sheriff as set forth above. These 1983 claims against the Sheriff are not brought pursuant to the doctrine of respondeat superior, but pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) and its progeny, because the Sheriff had a custom and practice that constituted a deliberate indifference to Moman's constitutional rights that was the moving force behind Kelsoe's unconstitutional and excessive use of force.

45. Moon subjectively knew that their customs and practices in failing to discipline and/or educate officers who had used unconstitutional and excessive force would result in more instances of excessive force, serious injury, harm, and/or death. They were not only aware of the facts from which these conclusions could be drawn, they in fact each subjectively drew such conclusions. Nevertheless, they disregarded the risk to those like Moman who encounter Blount County jailers, and in so doing they acted with more than gross negligence.

46. The Sheriff's unconstitutional policies were the driving force behind Kelso's use of unconstitutional and excessive force. As a direct and proximate result of the combining and concurring unconstitutional conduct of the responding officers and the Sheriff, Moman suffered significant injuries.

47. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court (1) to enter judgment against Kelsoe and the Sheriff  (2) to award her, in an amount determined by the jury, for compensatory damages arising out of her death according to federal common law remedy, including, but not limited to, lost wages and benefits, and future earning capacity; (3) to award her attorney fees, expert witness fees, court costs, and interest as allowed by law; and 4) to award her all other relief as the Court deems proper.

## COUNT TWO: COMMON LAW NEGLIGENCE AND WANTONNESS AGAINST DEFENDANT KELSOE

48. Each of the paragraphs of this Complaint is incorporated as if fully related herein.

49. Defendant KELSOE negligently and/or wantonly engaged in sexual misconduct in violation of: (1) the standard of care applicable to police officers; (2) the specific, mandatory, and non-discretionary duties prescribed by the Blount County Sheriff for performing his work; and 3) the Fourth Amendment to the U.S. Constitution.

50. In so doing, Defendant Kelsoe acted with neglect, carelessness, or unskillfulness and/or acted willfully, maliciously, in bad faith, recklessly, beyond his authority or under a mistaken interpretation of the law.

51. Defendant Kelsoe was acting in the line and scope of their employment with the City, making the City vicariously liable under the doctrine of respondeat superior and Ala Code 11-47-190 for their negligent careless, and unskillful use of force.

52. WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court: (1) to enter judgment against Kelsoe (2) to award her in an amount determined by the jury, compensatory damages3) to award court costs, and interest as allowed by law; 4) to award her all other relief as the Court deems proper.

## COUNT THREE: MONELL LIABILITY INADEQUATE POLICY

## AGAINST SHERIFF MOON

53. Each of the paragraphs of this Complaint is incorporated as if fully related herein.

54. At all times material herein, Sheriff Moon had a legal duty to adopt and implement rules and procedures to ensure that sexual contact/misconduct does not occur.

55. This duty included, but was not limited to the duty to create, adopt, and implement rules, regulations, practices, and procedures which clearly direct police officers as to the appropriate use of force under relevant circumstances specifically as it applies to inmates

56. The Sheriff's failure to adopt appropriate treatment of  inmates amounts to unconstitutional policy under 1983 as discussed in Monell.

57. The Blount County Sheriff has by custom and practice changed its internal standards to be different from the national standards of what is considered reasonable force. This approach and position conflicts with criminal and civil laws and is inconsistent with national standards and constitutional mandate.

58. As a proximate cause of the Sheriff's unconstitutional policy and deliberate indifference to the same, Kayla Moman was the victim of sexual misconduct.

59. Plaintiff seeks compensatory damages, costs, attorneys' fees, interest, and any other relief allowed under law.

60. WHEREFORE PREMISES CONSIDERED, the Plaintiff seeks the following relief (a) an award of compensatory and punitive damages in an amount to be determined by a jury (b) an award of court costs, interest, and reasonable attorney's fees as provided under 1983 and (c) any other relief which is found to be proper under the circumstances.

## COUNT FOUR: SEXUAL ASSAULT AND BATTERY KELSOE & SHERIFF MOON

61. Plaintiff re-alleges and incorporates herein all of the preceding allegations.

62. Defendant KELSOE, as a result of poor and/or improper training and supervision, assaulted and battered her by engaging in sexual conduct with her.

63. The sexual misconduct of Kelsoe was unlawful and unjustified and without provocation or just excuse. Defendant Kelsoe was acting in the line of his duty at the time, albeit incredibly carelessly, unskillfully and/or based on a misinterpretation of the law.

64. Moman sustained damages including physical injury as a result of the assault and battery.

65. The Sheriff is liable under Ala. Code 11-47-190 because Defendant Kelsoe's actions were with careless disregard for Momans well being.

14

66.  An inmate always lacks consent and power in any sexual contact involving a jailer. There is simply no defense.

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks the following relief: Compensatory damages in an amount which is fair and reasonable; Punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action; Attorney's fees; Such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT V - 42 U.S.C § 1983 FAILURE TO PROTECT, PURSUANT TO THE 8TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION

67. Each of the paragraphs of this Complaint is incorporated as if fully related herein.

68. The plaintiff is entitled to be free from a known and unreasonable risk of serious harm while in jail. The Plaintiff was assaulted by another inmate.

69. Defendants, acting individually and/or in conspiracy with other defendants, failed to protect the  plaintiff.

15

70. Defendants knew of and consciously disregarded the substantial risk that plaintiff would be injured while incarcerated, failing to protect her from harm.

71. The misconduct described in this count was undertaken with deliberate indifference, malice, willfulness, and/or reckless indifference to the rights of plaintiff and others and was objectively unreasonable.

72. Defendants' misconduct directly and proximately caused plaintiff to be subjected to an unreasonable risk of serious harm, and caused her to suffer damages including pain, suffering, fear, anxiety, rage, and other harmful physical and psychological harms, both from the brutal assault and its devastating aftermath.

WHEREFORE, the Plaintiff demands judgment against the Defendants, for compensatory and punitive damages in an amount to be determined by the jury.

## Count VI - DELIBERATE INDIFFERENCE AS TO MEDICAL NEEDS- 42 U.S.C 1983

73.  Each of the paragraphs of this Complaint is incorporated as if fully related herein.

74. Defendants Sheriff Moon  failed to properly respond to an individuals serious medical needs ignoring signs and therefore violated the U.S Constitution right to be free from cruel and unusual punishment as prescribed by the U.S. Constitution.

16

75. The Jail staff initiated lack of medical care policies against the Plaintiff that were punitive and violated her constitutional rights.

76. The Defendant, Sheriff Moon has a pattern and practice in deliberate indifference to serious medical and knew that their custom of not properly responding to such needs would result in constitutional violations and proximate damages.

77. As a direct and proximate result of the Defendants' actions, Plaintiff have suffered physical and psychological injury along with excruciating pain and suffering, mental anguish, permanent injury, loss of enjoyment of life, and consequential and incidental damages. These damages are expect to continue in the future.

## Count VII - OUTRAGE - Kelsoe

78. The plaintiff adopts and incorporates by reference all of the allegations of proceeding paragraphs of this complaint as if the same were set out fully herein.

79. The Defendant intentionally and/or recklessly caused the Plaintiff to suffer emotional distress.

80. Said actions as described in the complaint were so outrageous in character, and so extreme in degree as to beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

17

81. The emotional distress that the Defendant caused the Plaintiff to suffer was so sere that no reasonable person could be expect to endure such activity.

82. As a proximate consequence of Defendant's unreasonable actions, the Plaintiff has suffered great emotional distress, loss of earnings, humiliation, consequential damages and incidental damages and will continue to experience those damages in the future.

## Count VIII- CRUEL AND UNUSUAL PUNISHMENT  42 U.S.C 1983

83. Each of the paragraphs of this Complaint is incorporated as if fully related herein.

84.  Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments."

85.  Kelsoe engaged in sexual misconduct with the Plaintiff for his own justification which did not serve any penological purpose.

86.  "We now hold that a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual

18

gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

87.  "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment" as "sexual contact between a prisoner and a prison guard serves no legitimate role . . . [and] is simply not 'part of the penalty that criminal offenders pay for their offenses against society.' Because there is no 'legitimate penological purpose' served by sexual assault, the subjective component of 'malicious and sadistic intent' is presumed if an inmate can demonstrate that a sexual assault occurred (citations omitted)." *Wood v. Beauclair*, 692 F.3d 1041 at 1046, 1050 (9th Cir. 2012).

 88. As a proximate consequence of Defendant's unreasonable actions, the Plaintiff has suffered great emotional distress, loss of earnings, humiliation, consequential damages and incidental damages and will continue to experience those damages in the future.

89. Further, "an inmate need not prove that an injury resulted from sexual assault in order to maintain an excessive force claim under the Eighth Amendment." *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000).

WHEREFORE PREMISES CONSIDERED, Plaintiff seeks the following relief:

Compensatory damages in an amount which is fair and reasonable; Punitive damages in order to punish Defendants and to deter them and others similarly

situated from like conduct in the future and for the costs of this action; Attorney's

fees; Such other and further relief as the Court deems fair and proper under the

circumstances.

Jury Demand

Plaintiff requests a trial by jury on all factual issues, including damages.

Respectfully submitted this the 10th Day of January  2023,

/s/ Martin Weinberg
Attorney for Plaintiff
PO Box  154 Shannon, AL. 35142
Phone 205-910-3722
Fax 205-413-8717
attorneyweinberg@bellsouth.net

20

The Defendants can be served at

Daniel Kelsoe

2141 Bud Mountain Road

 Blountsville, Alabama 35031.

.

Sheriff Mark Moon

Blount County Sheriff's Department

 225 Industrial Park Rd, Oneonta, AL 35121

21